OPINION OF THE COURT
James B. Canfield, J.
Defendants Charlene T. Norton and Louis J. Brundige move and cross-move pursuant to CPLR 3211 (a) (5) and (7) for an order dismissing an action by plaintiff Alice A. Baker, Inc., doing business as Little Motors (Baker), to recover amounts due *512 and owing from the defendants on their contract to purchase a seven-year-old used motor vehicle from Baker. Defendants urge that Baker’s contract forms violate the law and public policy, as do her actions in repossessing the vehicle within half a year of the initial sale, selling it to herself for less than 30% of the original sales price, then waiting nearly six years before attempting to collect not only what the defendants originally owed, but also six years of 24.45% annual interest. Defendants also urge that Baker’s action is barred by the four-year statute of limitations applicable to actions such as this involving a breach of contract for sale of a product (UCC 2-725 [1]).
Looking first at the statute of limitations defense, the court agrees with plaintiffs allegation that the parties “entered into a Retail Installment Contract * * * for the purchase of one (1) 1987 Ford Escort” (complaint 4) and finds that defendants’ alleged failure to meet their responsibilities under that contract is the basis of this action. CPLR 213 (2) sets forth that the statute of limitations on contract actions is six years except as provided in article 2 of the UCC. As a contract for the sale of goods, a motor vehicle retail installment contract falls within the UCC exception and the applicable statute of limitations is four years (UCC 2-725 [1]).
It appears that the statute began to run on September 27, 1994 after Baker sold the vehicle to herself at auction and then sent defendants a notice of the alleged deficiency. Thus, the statute of limitations ran on September 27, 1998 and barred this action when Baker commenced it in September 2000. As the action was untimely commenced and defendants are entitled to dismissal of the action on that ground alone, it is unnecessary to inquire into whether plaintiffs alleged violations of law and public policy would also warrant dismissal.
Accordingly, defendants’ motions are granted and the action is dismissed with $100 costs to each defendant.